UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN STEMMELIN,

    Plaintiff,

v.

MATTERPORT, INC., et al.,

    Defendants.

No. C 20-04168 WHA

**ORDER MODIFYING CASE SCHEDULE AND REFERRING DISCOVERY DISPUTES TO MAGISTRATE JUDGE TO BE SELECTED**

In this false and deceptive advertising putative class action, the parties jointly request modifications to the case schedule that will extend the deadline for plaintiff to file his class certification motion, which would subsequently push back other deadlines. The primary issue necessitating such an extension? The parties' glacial progress in discovery.

To briefly recap, this action arrived before the undersigned in July 2020. A November 2020 order dismissed plaintiff's original complaint, but he successfully moved to amend his pleadings in February 2021. A minute order, dated January 29, 2021, revised the case management scheduling order shortly before plaintiff's filing of his amended complaint, and reset the deadline for the motion for class certification to October 7, 2021. The parties, following the filing of the amended complaint in February, then largely dropped off the Court's radar for the next seven months. The few filings that did come in concerning discovery were limited to the parties' stipulated protective order and ESI protocol, approved in March and August 2021, respectively (Dkt. Nos. 18, 38, 39, 52, 53, 54, 56, 65).

As it turns out, the parties largely wasted those seven months, making little headway in discovery. Counsel for both sides submitted declarations detailing the parties' discovery deliberations, but, to date, defendants have produced only *eleven* documents. As to written discovery, plaintiff's counsel asserts that, while defendants have served responses, many issues

remain outstanding (Harris Supp. Decl.; Johnson Decl.). Yet, counsel never thought to bring any concerns with document productions — or discovery, generally — to the Court's attention until just a few weeks before the deadline for the class certification motion.

Nevertheless, based upon the current record, defendants deserve their fair share of the blame for delaying discovery, and rejecting the parties' request to modify the schedule would primarily affect plaintiff. This order accordingly extends the deadline for class certification to **DECEMBER 23, 2021**. Other deadlines shall be adjusted as follows:

1. Non-expert discovery due by **MAY 13, 2022**.
2. Designation of expert testimony and expert reports due by **MAY 13, 2022**.
3. Dispositive motions due by **JUNE 16, 2022**.
4. Final pretrial conference set for **AUGUST 18, 2022 AT 2:00 PM** in San Francisco, Courtroom 12, 19th floor.
5. Jury selection set for **AUGUST 22, 2022 AT 7:30 AM** in San Francisco, Courtroom 12, 19th floor.
6. Jury trial set for though **AUGUST 22, 2022 THROUGH AUGUST 26, 2022 AT 7:30 AM** in San Francisco, Courtroom 12, 19th floor.

This order stresses to both parties that further changes to the schedule will not be made lightly and will require a compelling justification. Any further delays or stonewalling should be promptly brought to the Court's attention. To that end, to assist the parties, all discovery disputes are hereby **REFERRED** to a magistrate judge to be selected.

**IT IS SO ORDERED.**

Dated: October 5, 2021.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2