UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| | |
|---|---|
| JOHN STEMMELIN, on behalf of himself and all other persons similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTERPORT, INC., a Delaware corporation; RJ PITTMAN, DAVE GAUSEBECK, MATT BELL, CARLOS KOKRON, PETER HEBERT, JASON KRIKORIAN, and MIKE GUSTAFSON,<br><br>    Defendants. | Case No. 3:20-CV-04168-WHA<br><br>**CLASS ACTION**<br><br>**JOINT DISCOVERY LETTER NO. 3 REGARDING PLAINTIFF'S DOCUMENT REQUESTS AND CORPORATE DESIGNEE DEPOSITION**<br><br>**MAGISTRATE JUDGE HIXSON**<br><br>Amended Complaint filed:  2/11/2021<br>Trial Date:     8/22/2022 |

### ATTESTATION REGARDING MEET AND CONFER REQUIREMENT

Pursuant to Magistrate Judge Thomas S. Hixson's Discovery Standing Order, Plaintiff JOHN STEMMELIN ("Stemmelin") and Defendants MATTERPORT, INC., RJ PITTMAN, DAVE GAUSEBECK, MATT BELL, CARLOS KOKRON, PETER HEBERT, JASON KRIKORIAN, and MIKE GUSTAFSON (collectively, "Matterport") attest that the Parties met and conferred in good faith to resolve their discovery disputes prior to filing the following Discovery Letter Brief.

Matterport agrees that the Parties have begun to meet and confer to resolve the document request issues presented herein, but Matterport does not agree that the Parties have met and conferred in good faith regarding the FRCP 30(b)(6) deposition notice, either in form or substance, and the Parties have not reached an impasse requiring the Court's intervention.

| | |
|---|---|
| /s/Thomas A. Zimmerman, Jr.<br>Thomas A. Zimmerman, Jr (*pro hac vice*)<br>ZIMMERMAN LAW OFFICES, P.C.<br>tom@attorneyzim.com<br>77 W. Washington St., Ste. 1220<br>Chicago, IL 60602<br>(312) 440-0020 telephone<br>(312) 440-4180 facsimile | /s/Michael K. Johnson<br>Michael K. Johnson, SB# 130193<br>LEWIS BRISBOIS BISGAARD & SMITH, LLP<br>Michael.Johnson@lewisbrisbois.com<br>2185 N. California Blvd., Ste. 300<br>Walnut Creek, CA 94596<br>(925) 357-3456 telephone<br>(925) 478-3260 facsimile |

1. **PLAINTIFF'S FACTUAL BACKGROUND OF THE DISPUTE**

**Plaintiff's Document Requests No. 6** (materials given to Matterport's sales reps), **No. 7** (marketing and advertising of the MSP Program), **No. 8** (materials that mention business leads), **No. 13** (documents describing the MSP program), **No. 14** (advertising that mentions profitability or return on investment), and **No. 22** (complaints by MSPs regarding lack of leads, difficulty learning, lack of training, and return on investment).[1] Plaintiff served these document requests on Matterport seeking various documents regarding Plaintiff's consumer fraud claims. Matterport agreed to produce some documents responsive to these requests, including documents pursuant to ESI searches. The parties worked out agreed search terms for documents. However, as noted in the first Joint Discovery Statement, the parties have not agreed on sources and custodians.[2]

**Plaintiff's Document Request No. 27** asks for "All minutes and summaries of Matterport's Board of Directors meetings during the Relevant Time Period." Defendants have not agreed to supply these documents.

**Corporate Designee Deposition and Document Requests.** Plaintiff served Matterport with a notice for a corporate designee deposition, which includes a request for documents.[3] Matterport served objections to the corporate designee deposition and document requests.

The parties have met and conferred in good faith about the matters for examination and the document requests but have been unable to reach an agreement. While Plaintiff is willing to work with Matterport on scheduling, he believes that the designated matters for testimony and the requested documents are properly tailored to information for his class certification motion.

2. **PLAINTIFF'S POSITION AND REQUESTED RELIEF**

Because Matterport objected to certain document requests as unduly burdensome, the parties agreed to try using ESI search terms to narrow the document requests and identify relevant documents. However, there has been no agreement on sources and custodians for ESI searches, and Matterport unilaterally chose the sources and custodians to search.[4] Notably, none of the individual custodians are in Matterport's

---

[1] *See* Ex. 1, Matterport's Response to Plaintiff's First Set of Requests For Production of Documents.
[2] *See* Doc. #71, Joint Discovery Statement.
[3] *See* Ex. 2, Notice of Deposition Pursuant to Federal Rules of Civil Procedure 30(b)(2), 30(b)(6), and 34.
[4] *See* Doc. #71, Joint Discovery Statement.

4880-3317-8369.1

1

marketing, advertising, or sales departments. Further, there is no indication that the email addresses that Matterport searched would contain advertising and marketing to prospective purchasers. The document requests identified herein, as well as the designated matters and document requests in the corporate designee deposition notice, are narrowly tailored to obtain information and documents relevant to Plaintiff's motion for class certification, including information and documents regarding the representations made by Matterport to prospective MSPs, such as webpages on Matterport.com regarding the MSP program, scripts and talking points about the MSP program, advertising about the MSP program, and all MSP Sales Training. The summaries and minutes of the Board of Directors meetings are relevant to show whether the Individual Defendants knew or should have known of Matterport's liability under the Illinois Business Opportunity Sales law. *See* Doc. #53, Order re Motion to Amend, p. 9. Plaintiff asks the Court to order Matterport to comply with the requests and produce all responsive documents.

"A deposition under Rule 30(b)(6) should, for purposes of [the 10 deposition limit], be treated as a single deposition even though more than one person may be designated to testify." Fed. R. Civ. P. 30(b)(6) (advisory committee's note on 1993 amendment to rule). Rule 30(b)(6) does not limit the number of topics a noticing party may list in its notice of deposition. *See, e.g., Nester v. Textron, Inc.*, No. A-13-CV-920 LY, 2014 WL 12631817, at *1 (W.D. Tex. Dec. 5, 2014) (110 topics). Because the topics and document requests in the corporate designee deposition notice are appropriately tailored to information for Plaintiff's motion for class certification, Matterport should designate and produce a corporate representative(s) for deposition.

### 3. DEFENDANT MATTERPORT'S POSITION AND REQUESTED RELIEF

<u>Document Request Nos. 6, 7, 8, 13, 14 and 22</u>. Matterport has produced all of the documents that it has been able to locate thus far, and continues its investigation of custodians who may have documents responsive to Plaintiff's requests. Matterport disagrees with Plaintiff's argument that the custodians already searched do not contain information about advertising and marketing to MSPs. In particular the email custodians support@matterport and MSP@matterport do contain many responsive documents. Matterport intends to provide additional information regarding sources and custodians to Plaintiff's counsel and expects to do so on Friday October 29 as was agreed at the last hearing before this Court. Matterport located and produced on October 27 another Org Chart effective July 15, 2015 that may assist the process.

<u>Document Request No. 27</u>. This request seeks "All minutes and summaries of Matterport's Board of

Directors meetings during the Relevant Time Period." The request is overbroad and seeks irrelevant and confidential business and financial information relating to Matterport that has nothing to do with the MSP program, and Plaintiff has not agreed to narrow the request to minutes that mention the MSP program. Instead Plaintiff proposed an issue sanction that would essentially impose liability on the individual board member defendants without any basis. This is despite the fact that Matterport's response to Request No. 27 does not contain only objections but clearly states that Matterport "agrees to confer with Propounding Party to try to clarify the scope of this request." (Exhibit 1, p. 27.) Matterport reiterates its agreement to meet and confer with Plaintiff to limit the scope of this request to information that is relevant to Plaintiff's claims.

<u>FRCP 30(b)(6) Deposition and Document Requests</u>. Matterport served Plaintiff with Defendants' Objections to Notice of Deposition Pursuant to Federal Rules of Civil Procedure 30(B)(2), 30(B)(6), and Rule 34 Request For Documents. *See* Exhibit 3. Matterport objects to this deposition on the following grounds, none of which have been the subject of a good faith meet and confer effort by Plaintiff:

(1) The deposition was noticed unilaterally by Plaintiff without meeting and conferring regarding substance or scheduling, and no meaningful meet and confer discussions have occurred. See FRCP 30(b)(6).

(2) The number of depositions noticed by Plaintiff exceeds the number allowed by FRCP 30(a)(2)(A)(i). Plaintiff has noticed seven individual depositions, three percipient witness depositions, and this 30(b)(6) deposition. This exceeds the 10 allowed by the Rules, not taking into account Judge Alsup's Standing Order para. 32(b) which states that "[e]ach witness-designee deposed for one half-day or more in a FRCP 30(b)(6) deposition shall count as a single deposition for purposes of the deposition limit … ."

(3) The number of topics for deposition exceeds the number allowed under Judge Alsup's Standing Order para. 32(b) which states that "a party may seek FRCP 30(b)(6) depositions from another party on up to a total of ten subject matters (for the entire case) described with 'reasonable particularity'."

(4) The topics for deposition do not describe with reasonable particularity the matters for examination.

(5) The topics for deposition are not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

### 4.  PLAINTIFF'S PROPOSED COMPROMISE

Alternatively to Matterport providing all the requested documents, Matterport should (i) provide screenshots of each webpage of its website from the beginning of the MSP program to the present, (ii) be deemed to have waived any argument that any of its other marketing, advertising, and sales materials provided to prospective purchasers or its salespersons state anything materially different from the webpages, and (iii) be deemed to have admitted that its other marketing, advertising, and sales materials provided to prospective purchasers or its salespersons includes the same representations, misrepresentations, and omissions that are in the webpages.

Alternatively to providing all summaries and minutes of the Board of Directors meetings, Defendants should be deemed to have waived any argument that the Individual Defendants did not know or could not have known of (i) Matterport's liability under the Illinois Business Opportunity law, and (ii) any facts supporting Matterport's liability under the Illinois Business Opportunity law.

With respect to the corporate designee deposition, Plaintiff is willing to participate in a Court-supervised meet and confer in order to attempt to refine the topics and document requests.

### 5.  DEFENDANTS' PROPOSED COMPROMISE

Plaintiff's proposed "compromises" are not that at all, but instead Plaintiff seeks the imposition of sanctions that are improper and completely unwarranted.  Matterport's ESI investigation is still ongoing, depositions are pending, and the non-expert discovery cut off is not until May 13, 2022.  Plaintiff has shown no basis for imposing sanctions, and Matterport has not failed to comply with any order of Court.

Document Request Nos. 6, 7, 8, 13, 14 and 22.  Matterport proposes to provide additional information regarding sources and custodians to Plaintiff's counsel and expects to do so on Friday October 29 as was agreed at the last hearing before this Court.  Matterport then will meet and confer to identify custodians if any are needed for data collection, processing and review, and production.  Plaintiff's proposed deemed "waiver" and "admission" of facts regarding its marketing, advertising, and sales materials as tied to webpages is unclear and premature.  Sanctions in the form of evidentiary rulings would be improper.

Document Request No. 27.  Matterport reiterates its agreement to meet and confer with Plaintiff to limit the scope of this request to information that is relevant to Plaintiff's limited claims against the individual board member defendants.

<u>FRCP 30(b)(6) Deposition and Document Requests</u>.  Matterport is also willing to participate in a Court-supervised meet and confer in order to attempt to cure the flaws in Plaintiff's 30(b)(6) notice and document requests as set forth in Matterport's objections.

## **Attestation Regarding Signatures**

I, Thomas A. Zimmerman, Jr., attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

Dated: October 28, 2021                                       ZIMMERMAN LAW OFFICES, P.C.

By  /s/ *Thomas A. Zimmerman, Jr.*
    Thomas A. Zimmerman, Jr.
    Attorney for Plaintiff
    John Stemmelin