# EXHIBIT B

# COHELAN KHOURY & SINGER
A PARTNERSHIP OF PROFESSIONAL LAW CORPORATIONS

TIMOTHY D. COHELAN, APLC*
ISAM C. KHOURY, APC
DIANA M. KHOURY, APC
MICHAEL D. SINGER, APLC•

(*Also admitted in the District of Columbia)
(•Also admitted in Colorado)

ATTORNEYS AT LAW

605 "C" STREET, SUITE 200
SAN DIEGO, CALIFORNIA 92101-5305
Telephone: (619) 595-3001
Facsimile: (619) 595-3000
www.ckslaw.com

JEFF GERACI ∆
J. JASON HILL†
MARTA MANUS
KRISTINA DE LA ROSA

(† Also admitted in Illinois)
(∆ Of Counsel)

July 16, 2019

**Via Certified U.S. Mail With Return Receipt**
Matterport, Inc.
352 E. Java Drive
Sunnyvale, CA 94089

      Re:    *Kenner v. Matterport, Inc.*
               Santa Clara Superior Court Case No. 19CV350887

To Matterport, Inc.:

      This firm, represents George Kenner in connection with a lawsuit against Matterport, Inc. (hereinafter "Defendant"). You are hereby given notice to immediately take all steps necessary to prevent the destruction, loss, concealment, or alteration of any paper, document, or electronically stored information ("ESI") and other data or information generated by you and/or stored on your computers and storage media (e.g., hard disks, CD-ROMs, floppy disks, backup media, etc.), and e-mail related to:

      (1) any participant of Matterport's Services Partners ("MSP") Program for 3D imaging from July 15, 2015 to the present, including but not limited to service contracts, purchases of any 3D imaging camera or scanner equipment, Cloud Plan Services, and any disclosures made to any MSP participant or the California Office of Attorney General; and

      (2) ESI and documents you may use to support any defenses you may claim to have in this lawsuit.

      This letter shall serve as Mr. Kenner's demand that Defendant preserve and maintain copies of all data, electronic data, and metadata related to the claims in this case.

      You should anticipate that much of the information subject to disclosure and responsive to discovery in this lawsuit is stored on your current or former computer systems and other media and devices (including personal digital or data assistants, voice-messaging or voicemail systems, online repositories, and cell phones).

      ESI should be afforded the broadest possible definition and includes, but is not limited to, all digital communications (e.g., e-mail, voice mail, instant messaging), word processed documents (e.g. Word and WordPerfect documents and drafts), spreadsheets and tables (e.g. Excel, Access, and Lotus 123 worksheets), accounting application data (such as QuickBooks, Money, or Peachtree), image and facsimile files (including PDF, TIFF, JPG, and GIF images), sound recordings (including WAV and MP3 files), video recordings, all databases, all contact and relationship management data, calendar and diary application data, online access data (including temporary, Internet files, History, and Cookies), all presentations (including

Matterport, Inc.
Re: George Kenner
July 16, 2019
Page 2

PowerPoint and Corel), all network access and server activity logs, all data created with the use of any Personal Data Assistant ("PDA") or Pocket PC devices, including cellular phones, all CAD files, and all backup and archival files.

Adequate preservation of ESI requires more than simply refraining from efforts to destroy or dispose of such evidence. You must also intervene to prevent loss due to routine operations and employ proper techniques to safeguard all such evidence.

**Because hard copies do not preserve electronic searchability or metadata, they are not an adequate substitute for ESI. If information exists in both electronic and paper form, you should preserve them both.**

## LITIGATION HOLD

You are requested to immediately initiate a litigation hold for potentially relevant ESI, documents, and tangible things, and to act diligently and in good faith to secure and audit compliance with that litigation hold. You are also requested to preserve and not destroy all passwords, decryption procedures (including, if necessary, the software to decrypt the files), network access codes, ID names, manuals, tutorials, written instructions, decompression or reconstruction software, and any and all other information and things necessary to access, view, and (if necessary) reconstruct any ESI. You should not pack, compress, purge, or dispose of any file or any part thereof.

You are further requested to immediately identify and modify or suspend features of your operations, information systems, and devices that, in routine operations, operate to cause the loss of documents, tangible items, or ESI. Examples of such features and operations include, but are not limited to, purging the contents of e-mail repositories by age, capacity, or other criteria; using data or media wiping, disposal, erasure, or encryption utilities or devices; overwriting, erasing, destroying, or discarding backup media; re-assigning, re-imaging or disposing of systems, servers, devices, or media; running antivirus or other programs that alter metadata; using metadata stripper utilities; and destroying documents or any ESI by age or other criteria.

## SERVERS

With respect to servers like those used to manage electronic mail and network storage, the entire contents of each user's network share and e-mail account should be preserved and not modified.

## STORAGE

With respect to on-line storage and/or direct access storage devices attached to your mainframe computers and/or minicomputers, in addition to the above, you are not to modify or delete any ESI, "deleted" files, and/or file fragments existing on the date of this letter's delivery that contain potentially relevant information.

With regard to all electronic media used for off-line storage, including magnetic tapes and cartridges, optical media, electronic media, and other media or combinations of media

Matterport, Inc.
Re: George Kenner
July 16, 2019
Page 3

containing potentially relevant information, you are requested to stop any activity which may result in the loss of any ESI, including rotation, destruction, overwriting, and erasure in whole or in part. This request is intended to cover all media used for data or information storage in connection with your computer systems, including magnetic tapes and cartridges, magneto-optical disks, floppy diskettes, and all other media, whether used with personal computers, minicomputers, mainframes or other computers, and whether containing backup and/or archival ESI.

## PERSONAL COMPUTERS

You should take immediate steps to preserve all ESI on all personal computers used by your officers, directors and employees, including all secretaries and assistants, which in any way relate to your Services Partners ("MSP") Program for 3D imaging from July 15, 2015 to the present. As to fixed devices, (1) a true and correct copy is to be made of all such ESI, including all active files and completely restored versions of all deleted electronic files and file fragments; (2) full directory listings (including hidden files) for all directories and subdirectories (including hidden directories) on such fixed devices should be written; and (3) all such copies and listings are to be preserved until this litigation is ended. As to floppy diskettes, CDs, tapes, and other non-fixed media relating to this matter, they are to be collected and stored pending resolution of this litigation.

## PORTABLE SYSTEMS

In addition to your immediate preservation of ESI, documents and tangible items in your business, on servers and workstations, you should also determine if any home or portable systems may contain potentially relevant data or information. To the extent that your officers, board members, or employees have sent or received potentially relevant emails or created or reviewed potentially relevant documents away from the office, you must preserve the contents of systems, devices, and media used for these purposes (including not only potentially relevant data from portable and home computers, but also from portable thumb drives, CD-R discs, PDAs, smartphones, voice mailboxes, or other forms of ESI storage). Additionally, if any of your employees, officers, or directors used online or browser-based e-mail accounts or services to send or receive potentially relevant messages and attachments, the contents of these account mailboxes should be preserved.

## EVIDENCE CREATED OR ACQUIRED IN THE FUTURE

With regard to documents, tangible things, and ESI that are created or come into your custody, possession, or control subsequent to the date of delivery of this letter, potentially relevant evidence is to be preserved. You should take all appropriate action to avoid destruction of potentially relevant evidence.

Please forward a copy of this letter to your legal counsel and/or in-house counsel and to all persons and entities possessing or controlling potentially relevant evidence. This notice may impact your legal rights, potentially result in further penalties, and provide grounds for significant evidentiary sanctions for the failure to preserve evidence.

Matterport, Inc.
Re: George Kenner
July 16, 2019
Page 4

      We are putting you on notice that we are demanding that all of the information and data on your website(s) be preserved so that, as any changes are made, no relevant evidence is destroyed.

      If you have any comments or questions, please feel free to contact our office.

Sincerely,
COHELAN KHOURY & SINGER

J. Jason Hill, Esq.