UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN STEMMELIN,<br><br>    Plaintiff,<br><br>v.<br><br>MATTERPORT, INC., et al.,<br><br>    Defendants. | Case No. 20-cv-04168-WHA (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 111 |

We are here on Plaintiff John Stemmelin's motion for sanctions concerning Defendants' failure to preserve certain electronically stored information ("ESI") and failure to prepare two Rule 30(b)(6) witnesses for deposition. ECF No. 111. For the ESI aspect of this motion, the governing rule is Federal Rule of Civil Procedure 37(e), which states:

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
> > (A) presume that the lost information was unfavorable to the party;
> >
> > (B)  instruct the jury that it may or must presume the information was unfavorable to the party; or
> >
> > (C) dismiss the action or enter a default judgment.

As to ESI, Plaintiff is moving on two types of information.[1] The first is Defendants' failure to preserve what looks like non-custodial information: "scripts used by sales representatives to market the MSP program, operational procedure manuals and presentations, and archival data relating to Defendants' announcement of the MSP program and their marketing thereof, including Matterport webpages relating to the MSP program." Motion at 12.[2] Second, Plaintiff moves on Defendants' failure to retain GSuite data (Gmail, GChat and GDrive) used by seven specific Matterport employees. As for the depositions, Plaintiff's motion lists 17 areas of claimed deficiencies. Motion at 16-19. Number 1 concerns Daniel Fellars' alleged failure to prepare for his deposition as a Rule 30(b)(6) witness. Numbers 2-10 and 12-17 relate to Kailyn Wilson's deposition as a Rule 30(b)(6) witness. Number 11 actually has nothing to do with depositions.

Let's take these in reverse order. Number 11 argues that "[Linda] Itskovitz gave numerous Google Doc and PowerPoint presentations to Matterport's Board of Directors covering topics such as Matterport's marketing efforts and sales representatives' camera sales data, Matterport's organizational focus on entry into new markets, and leads. While Matterport produced some Board presentations after Itskovitz's deposition, it is unclear whether all of them were produced and, for some of the presentations produced, whether they are final versions." Motion at 17-18 (citations omitted). This complaint is not a basis for sanctions because we don't know if anything is missing. *See* Fed. R. Civ. Proc. 37(e) (ESI must be "lost" before sanctions kick in).

Turning to Wilson's deposition, complaints 2-5 are that she could not identify when some documents were in use at Matterport. When a deposing party thinks that a Rule 30(b)(6) witness has not been adequately prepared, the normal remedy is a motion to compel, which Plaintiff has not filed concerning this deposition. The Court expresses no view on how it would rule on such a motion, but going from a handful of "I don't know" answers straight to a request for sanctions skips an important step.

---

[1] Plaintiff argues that Defendants' obligation to preserve evidence began when a state-court lawsuit was filed in July 2019. Defendants do not argue otherwise.

[2] Page numbers refer to the blue ECF header.

Further, the Court is unwilling to construe this sanctions motion as a motion to compel for both procedural and substantive reasons. Procedurally, the undersigned's Discovery Standing Order requires discovery disputes to be raised in a joint letter brief, not a motion under Local Rule 7. Also, Civil Local Rule 7-8(a) requires a motion for sanctions to be filed separately, so a sanctions motion cannot also be something else. Substantively, Plaintiff's motion does not demonstrate on the merits that Wilson was obligated to know the answers to these questions, and Defendants certainly do not concede that she was unprepared.

Complaints 6-8, 15 and 17 are not really about Wilson's preparation. They are about non-custodial documents that do not exist anymore or were not produced. In complaint 9, Plaintiff says that Wilson was unable to testify as to the contents of the final version of a draft document they showed her during the deposition. But in reality they asked her a slightly different question during the deposition – whether she came across the final version of the document in her review of materials. Plaintiff advances no substantive argument to support the notion that Wilson's obligations as a Rule 30(b)(6) witness included reviewing the final version of that particular document – an argument that would in any event belong in a motion to compel. This is another instance in which Plaintiff is moving from an "I don't know" answer straight to a sanctions request without making any showing that the witness was obligated to know the information at issue.

In complaint 10, Plaintiff says that Defendants never produced banner advertising about the MSP program, but Wilson testified that the information in the advertising would have been consistent with the materials Defendants produced. Not only does that complaint fail to identify a flaw in Wilson's deposition preparation, it also tends to show that the failure to produce the banner advertising was not prejudicial because it wasn't different from the materials that were produced.

In complaint 12, Plaintiff says that his counsel showed Wilson a screenshot from a Matterport website that counsel obtained using the Wayback Machine, and Wilson testified she had no reason to believe that page was different at any point between August 2015 to April 2017. That seems like helpful testimony for Plaintiff, and the Court does not understand why he is complaining about that. Plaintiff argues that "Wilson could not definitely testify" that it was the

3

same the whole time. But in the cited testimony, she was not asked that. Complaints 13, 14 and 16 are more of the same: Wilson gives broadly helpful testimony for Plaintiff that she has no reason to dispute that certain web pages were up at periods of time relevant to the case. Plaintiff should be pleased with this testimony, not seeking sanctions for it.

Finally, let's go back to complaint 1. Plaintiff says that Fellars did not review the schedule of documents in the Rule 30(b)(6) deposition notice and that he had an insufficient understanding of the documents that are in the list of sales scripts provided by Matterport in discovery. This is again a complaint about deposition preparation, which belongs in a motion to compel.

The Court realizes that sanctions can be awarded for a party's failure to attend a deposition, *see* Fed. R. Civ. Proc. 37(d)(1)(A), and that "[m]any courts treat the failure of an organization to produce a prepared and educated witness under Rule 30(b)(6) as tantamount to a nonappearance at a deposition, meriting the imposition of sanctions." *Pioneer Drive, LLC v. Nissan Diesel America, Inc.*, 262 F.R.D. 552, 559-60 (D. Mont. 2009). But Plaintiff comes nowhere close to showing that Fellars and Wilson were so unprepared that these were tantamount to nonappearances.

In fact, Plaintiff has not even made the lesser showing that if he moved to compel further depositions, he would win. Fellars and Wilson were designated on some pretty broad topics, and Plaintiff has presented essentially no argument about why the particular areas where he faults their preparation were reasonably within the scope of either witness's obligations. Further, Judge Alsup's Standing Order states in paragraph 32(c) that "[i]f an organization cannot reasonably locate a witness to testify based on personal knowledge, there is no requirement under FRCP 30(b)(6) for the organization to 'woodshed' or to 'educate' an individual to testify on the subject." Plaintiff's motion does not address that portion of the Standing Order or present any argument that Matterport did not reasonably locate a witness to testify based on personal knowledge.

Turning to ESI, Matterport fell down on the job for the seven custodians whose GSuite data was not preserved. However, Plaintiff does not identify anything that was "lost" and that could not "be restored or replaced through additional discovery," Fed. R. Civ. Proc. 37(e). Matterport did, after all, collect from more than 30 other custodial and non-custodial sources.

4

Plaintiff does not identify anything that was uniquely in the possession of these seven custodians and cannot be obtained elsewhere. Plaintiff argues that their job responsibilities would likely have meant they had relevant ESI. Motion at 14-15. But in so arguing, Plaintiff cites the fact that these people worked with or led teams and collaborated with other departments and communicated with others. The failure to retain their ESI might mean that nothing was lost if the ESI for the other people in those communications was retained.

At oral argument, Plaintiff contended that this reasoning amounted to an unfair Catch 22: If there *was* something unique in one or more of these custodians' GSuite data, then the failure to preserve that data is itself the reason why Plaintiff cannot identify what was lost. Fair enough. So, let's consider the possibility that some data may have been lost, meaning that some particular documents (such as emails or PowerPoint presentations) are no longer available due to this failure to preserve. In order to obtain a sanction under Rule 37(e) for failure to preserve ESI, Plaintiff has to show either prejudice from loss of the information or that Matterport acted with the intent to deprive Plaintiff of the information in the litigation.

Plaintiff has made neither showing. As to prejudice, Plaintiff makes no argument that these seven custodians would have had documents that differed in type or category as compared to the documents produced from other custodians' files. In fact, Plaintiff argues the opposite, explaining that "the permanently unavailable documentation and ESI would likely have been consistent with the discovery that was produced," Motion at 10.

Plaintiff strenuously argues that the Court should infer that the ESI deletion was intentional, but the Court sees no basis for drawing that inference. The only thing that unites these seven custodians is that they were former employees at the time of the ESI deletion. There is no basis to think any of these custodians had documents uniquely harmful to the company. *See* Fellars Decl., ¶¶ 2-8, ECF No. 119-18. Remember: Plaintiff himself contends that these seven custodians would merely have had cumulative information consistent with what was produced in discovery. The ESI deletion was contrary to Matterport's internal document retention policy and should not have happened, but it has no indicia of an intent to deprive Plaintiff of information.

Lastly, we come to the non-custodial ESI that was not preserved, principally the web pages

5

and scripts and pitches.  Here, we run into the problem that Plaintiff is mostly complaining about documents dated before the obligation to preserve began in July 2019.  Matterport for the most part preserved the old matterport.com website that it decommissioned in December 2019, *see* Patel Decl., ¶¶ 4-14, ECF No. 119-13, and Plaintiff points to no specific and prejudicial failure to preserve in 2019.  Plaintiff complains that his counsel had to use the Wayback Machine to find earlier versions of Matterport's marketing materials on its website, but Plaintiff makes no argument, and in fact does not even assert, that Matterport had any obligation to preserve materials on its website before 2019.

Accordingly, Plaintiff's motion for sanctions is denied.

**IT IS SO ORDERED.**

Dated: March 17, 2022

THOMAS S. HIXSON
United States Magistrate Judge