UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN STEMMELIN,

        Plaintiff,

v.

MATTERPORT, INC., et al.,

        Defendants.

No. C 20-04168 WHA

**ORDER RE MOTIONS TO SEAL**

This order addresses the motions to seal stemming from plaintiff's motion for class certification.

1.     **THE LEGAL STANDARD.**

There is a strong public policy in favor of openness in our court system and the public is entitled to know to whom we are providing relief (or not). *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097. The compelling reasons standard applies to most judicial records. Evidentiary motions such as motions *in*

*limine* and *Daubert* motions can be strongly correlative to the merits of a case. *Id.* at 1098–1100.

In addition, sealing motions filed in this district must contain a specific statement that explains: (1) the legitimate private or public interests that warrant sealing; (2) the injury that will result should sealing be denied; and (3) why a less restrictive alternative to sealing is not sufficient. The material requested to be sealed must be "narrowly tailored to seal only the sealable material." Civil L.R. 79-5(c). For example, "[t]he publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome [the] strong presumption" in favor of access and provide compelling reasons for sealing. *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011). Compelling reasons may also warrant sealing for "sources of business information that might harm a litigant's competitive standing," especially where the public has "minimal interest" in the information because it "is not necessary to the public's understanding of the case." *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 598 (1978).

Finally, "[s]upporting declarations may not rely on vague boilerplate language or nebulous assertions of potential harm but must explain with particularity why any document or portion thereof remains sealable under the applicable legal standard." *Bronson v. Samsung Elecs. Am., Inc.*, 2019 WL 7810811, at *1 (N.D. Cal. May 28, 2019) (citing Civ. L.R. 79-5). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civ. L.R. 79-5(c).

2. **PLAINTIFF'S MOTION FOR CLASS CERTIFICATION.**

Plaintiff filed conditionally under seal certain documents in support of his motion for class certification (Dkt. No. 107). Matterport filed a declaration in support of sealing some of these documents (Dkt. No. 108). Plaintiff does not seek to seal Dkt. Nos.: 107-4; 107-6; 107-8; 107-10; 107-12; 107-22; 107-24; 107-28; 107-30; 107-32; 107-34; 107-36; 107-38; 107-40; 107-44; 107-46; 107-80; and 107-84. As to those documents, the sealing motion is **DENIED**. For the remaining documents, this order rules as follows:

2

| Dkt. No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| 107-14 | Board Minutes dated Sept. 13, 2016. | DENIED. | Matterport seeks to seal these board minutes because they "generally refer to business updates and initiatives, sales and marketing updates, reports on product development, budgets, financial information (including loans and draw down on loans) and roadmaps for future activities" (Otteson Decl. ¶ 6). But Matterport provides no details that clarify how disclosure of the specific information recited in these minutes would cause it competitive harm now, many years later. Nor does Matterport explain what information in the minutes remains confidential or what proprietary information is described. Rather, the minutes are recited at a high level of abstraction and Matterport has failed to explain how these general statements would now harm its competitive standing. Without more, Matterport has failed to provide compelling reasons for sealing. |
| 107-16 | Board Minutes dated Dec. 9, 2016. | DENIED. | *See entry for Dkt. No. 107-14.* |
| 107-18 | Board Minutes dated June 22, 2017. | DENIED. | *See entry for Dkt. No. 107-14.* |
| 107-20 | Matterport_ESI_Prod_032300 | GRANTED. | Contains confidential, sensitive business information regarding an internal project proposal, the public disclosure of which could cause Matterport competitive harm (Otteson Decl. ¶ 5). |
| 107-26 | Matterport_ESI_Prod_023125 | GRANTED. | Contains confidential, sensitive business information regarding an internal sales summit, the public disclosure of which could cause Matterport competitive harm (Otteson Decl. ¶ 5). |
| 107-42 | Matterport_ESI_Prod_060078 | DENIED. | Matterport seeks to seal this document which outlines a proposal related to the MSP program. As an initial matter, this document includes material at the heart of our litigation |

3

| | | | |
|---|---|---|---|
| | | | so there is a strong presumption of public visibility in this instance. Matterport also provides only the boilerplate justification that the document "contains proprietary and confidential assessments, strategies and plans" (Otteson Decl. ¶ 11). This fails to provide any specifics on how disclosure of this document now would lead to competitive harm to Matterport. Without more, Matterport has failed to meet its burden of providing compelling reasons to seal. |
| 107-48 | Launch Your Business with Matterport Presentation | DENIED. | This presentation appears to be a public presentation, and Matterport has provided only the boilerplate justification that it "contains confidential financial information and projections" (Otteson Decl. ¶ 12). Matterport provides no details that explain how disclosure of the specific information recited in the presentation would cause it competitive harm now. Without more, Matterport has failed to meet its burden of providing compelling reasons to seal. |
| 107-50 | Board Minutes dated Feb. 6, 2015. | DENIED. | *See entry for Dkt. No. 107-14.* |
| 107-52 | Board Minutes dated Feb. 10, 2015. | DENIED. | *See entry for Dkt. No. 107-14.* |
| 107-54 | Board Minutes dated Mar. 5, 2015. | DENIED. | *See entry for Dkt. No. 107-14.* |
| 107-56 | Board Minutes dated Apr. 28, 2015. | DENIED. | *See entry for Dkt. No. 107-14.* |
| 107-58 | Board Minutes dated June 3, 2015. | DENIED. | *See entry for Dkt. No. 107-14.* |
| 107-60 | Board Minutes dated June 28, 2015. | DENIED. | *See entry for Dkt. No. 107-14.* |
| 107-62 | Board Minutes dated Sept. 1, 2015. | DENIED. | *See entry for Dkt. No. 107-14.* |
| 107-64 | Board Minutes dated Oct. 28, 2015. | DENIED. | *See entry for Dkt. No. 107-14.* |
| 107-66 | Board Minutes dated Dec. 10, 2015. | DENIED. | *See entry for Dkt. No. 107-14.* |
| 107-68 | Board Minutes dated Mar. 29, 2016. | DENIED. | *See entry for Dkt. No. 107-14.* |
| 107-70 | Board Minutes dated June 21, 2016. | DENIED. | *See entry for Dkt. No. 107-14.* |

| | | | |
|---|---|---|---|
| 107-72 | Board Minutes dated Aug. 4, 2016. | DENIED. | *See entry for Dkt. No. 107-14.* |
| 107-74 | Board Minutes dated Jan. 26, 2017. | DENIED. | *See entry for Dkt. No. 107-14.* |
| 107-76 | Board Meeting Presentation dated June 22, 2017. | DENIED. | Matterport seeks to seal this board meeting presentation because it "includes references to Major Deals that were in progress (including names of third parties), financial information on a convertible note and a report on growth of the SaaS portion of the business" (Otteson Decl. ¶ 7). But Matterport's boilerplate statement fails to explain how public disclosure of this information from 2017 would result in competitive harm now. Further, without more information, the recitation of the names of potential deal partners fails to provide a compelling justification to seal. Matterport has not stated how this potential deal information still has any relevance now. Without more, Matterport has failed to meet its burden of providing compelling reasons to seal. |
| 107-78 | Board Minutes dated Oct. 5, 2017. | DENIED. | *See entry for Dkt. No. 107-14.* |
| 107-82 | Board Minutes dated Dec. 14, 2017. | DENIED. | *See entry for Dkt. No. 107-14.* |
| 107-86 | Board Minutes dated Mar. 27, 2018. | DENIED. | *See entry for Dkt. No. 107-14.* |
| 107-88 | Board Meeting Presentation dated Mar. 27, 2018. | | Matterport explains that this board presentation "include[s] confidential assessments, identification of business challenges, future plans and strategies, identifies certain customers by name and includes certain financial projections" (Otteson Decl. ¶ 8). As an initial matter, the document includes material at the heart of our litigation, *i.e.*, Matterport's internal approach to the MSP program, so there is a strong presumption of public visibility in this instance. Matterport's boilerplate sealing justification does not explain how the disclosure of any of this material now would cause it |

5

| | | | competitive harm.  Nor does it explain how financial projections from several years ago would still be relevant now in a way that it would damage Matterport's competitive standing. Indeed the applicable timelines for all the projections elapsed years ago. Matterport's reference to identifying customers by name does not indicate that any material has a compelling justification for sealing.  Matterport has not justified sealing here. |
|---|---|---|---|
| 107-90 | Board Minutes dated June 19, 2018. | DENIED. | *See entry for Dkt. No. 107-14.* |
| 107-92 | Board Meeting presentation dated June 19, 2018. | DENIED. | *See entry for Dkt. No. 107-88.* |
| 107-94 | Board Minutes dated Dec. 18, 2018. | DENIED. | *See entry for Dkt. No. 107-14.* |
| 107-96 | Board Meeting presentation dated Dec. 18, 2018. | DENIED. | *See entry for Dkt. No. 107-88.* |

**3.    FURTHER MATERIALS SUBMITTED IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION.**

Plaintiff conditionally filed under seal further material in support of his motion for class certification (Dkt. No. 116). Matterport did not file a supporting declaration to establish the documents, or portions thereof, were sealable, as required by our local rules. See Civ. L.R. 79-5. Therefore, the motion to file the documents under seal is **DENIED**.

**4.    PLAINTIFF'S REPLY IN SUPPORT OF THE MOTION FOR CLASS CERTIFICATION.**

Plaintiff filed conditionally under seal certain documents filed in conjunction with his reply supporting his motion for class certification (Dkt. No. 125). Matterport filed a declaration in support of sealing some of these documents (Dkt. No. 129). Matterport does not seek to seal Dkt. Nos.: 125-3; 125-4; 125-5; and 125-7. As to those documents, the sealing motion is **DENIED**. For the remaining documents, this order rules as follows:

| Dkt. No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| 125-6 | Matterport_ESI_ Prod_ 199148 | DENIED. | Matterport seeks to seal this internal email chain between employees regarding lead generation for MSPs. As an initial matter, the document includes material at the heart of our litigation so there is a strong presumption of public visibility in this instance. *First*, Matterport argues that "this communication was focused on Matterport's business in Europe, the Middle East and Africa (EMEA) only," and that it "does not relate to Matterport's U.S. Business" (Otteson Decl. ¶ 7). This does not qualify as a compelling reason to seal this information. Moreover, one of the participants in this correspondence was Matterport's Senior Director of Business Development who was located in the United States, and it is not clear from the face of the document itself that it only relates to EMEA business. *Second*, Matterport explains the email chain concerns "confidential, sensitive and proprietary information concerning Matterport's strategic business plans and projections" (Otteson Decl. ¶ 7). This boilerplate justification fails to explain how disclosure of this particular information would cause competitive harm. The fact that disclosure may embarrass Matterport does not compel the sealing of this document. *Kamakana*, 447 F.3d at 1179. Matterport has not justified sealing here. |

## CONCLUSION

The administrative motions to seal are **GRANTED IN PART** and **DENIED IN PART**. The parties shall refile all relevant documents in full compliance with this order by no later than **JUNE 2**. **IT IS SO ORDERED.**

Dated: May 5, 2022.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

7