1

2

3

4

5

6                     UNITED STATES DISTRICT COURT

7

8                    NORTHERN DISTRICT OF CALIFORNIA

9

10   JOHN STEMMELIN,

11          Plaintiff,                          No. C 20-04168 WHA

12       v.

13   MATTERPORT, INC., et al.,                  **ORDER RE MOTION TO STRIKE
                                                 PLAINTIFF'S MOTION FOR CLASS**
14          Defendants.                          **CERTIFICATION**

15   _____

16                         **INTRODUCTION**

17        In this false and deceptive advertising action, plaintiff seeks a second opportunity to

18   certify a national class of those who enrolled in defendant's 3D camera partner program, this

19   time under Rule 23(b)(2).  Defendant moves to strike plaintiff's motion.  To the following

20   extent, the motion to strike is **GRANTED**.

21                         **STATEMENT**

22        Previous orders herein described our facts (Dkt. No. 168).  In brief, plaintiff John

23   Stemmelin brought this lawsuit against Matterport, Inc., and its officers as a putative class

24   action in June 2020, alleging violations of, among other claims, unfair and false advertising

25   laws as well as numerous states' business opportunity laws connected to Matterport's 3D

26   camera business.  The operative case management order only contemplated one class-

27   certification motion, although it did not explicitly foreclose on another (Dkt. Nos. 52, 70, 165).

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1    A March 2022 order denied Stemmelin's motion to certify an Illinois class and a national

2    class based on, among other reasons, lack of predominance (Dkt. No. 136).  After Matterport

3    filed its motion for summary judgment, Stemmelin voluntarily withdrew his Illinois claims

4    (Dkt. No. 147).  This has left Matterport Inc., as the only remaining defendant in our action.  An

5    August 2022 order granted Matterport summary judgment as to Stemmelin's request for

6    declaratory relief that he is the owner of certain scanned images and denied the motion as to

7    Stemmelin's California Consumer Legal Remedies Act claim and his request for injunctive

8    relief (Dkt. No. 168).

9    Later in August, Stemmelin filed a second Rule 23 motion, this time seeking certification

10    of an injunctive relief class pursuant to Rule 23(b)(2) (Dkt. No. 171).  Matterport now moves to

11    strike Stemmelin's renewed motion for class certification (Dkt. No. 172).  This order follows

12    full briefing and oral argument.

### ANALYSIS

14    Rule 23(c)(1)(C) provides that "[a]n order that grants or denies class certification may be

15    altered or amended before final judgment."  Our court of appeals has not yet ruled on a specific

16    standard for review of serial motions for class certification, but some judges in our district have

17    used the reconsideration standard.  *See e.g. In re Lithium Ion Batteries Antitrust Litig.*, 2018

18    WL 4215573 at *3-4 (N.D. Cal. Sept. 4, 2018) (Judge Yvonne Gonzalez Rogers); *English v.*

19    *Apple Inc*, 2016 WL 11008929 at *5 (N.D. Cal. Mar. 22, 2016) (Judge William H. Orrick);

20    *Daniel F. v. Blue Shield of California*, 2015 WL 3866212 at *3 (N.D. Cal., June 22, 2015)

21    (Judge Phyllis J. Hamilton).  A district court will grant a motion for reconsideration if (1) there

22    has been an intervening change in controlling law; (2) new evidence has become available; or

23    (3) the court failed to consider material facts or dispositive legal arguments which were

24    presented to the court.  Civ. L.R. 7-9; *see also* FRCP 23 Advisory Committee Notes.  This

25    makes good sense.  Permitting serial certification motions encourages gamesmanship and

26    overbroad initial motions.  This wastes resources.

27    Stemmelin relies heavily on a decision from the United States Court of Appeals for the

28    Third Circuit that declined to apply the reconsideration standard to a renewed motion for class

United States District Court
Northern District of California

1    certification.  The decision held that even absent new evidence or change in law, a plaintiff can

2    succeed on a renewed motion "if they more clearly define their proposed class."  *Hargrove v.*

3    *Sleepy's LLC*, 974 F.3d 467, 477 (3rd Cir. 2020).  But this decision is not mandatory authority

4    here and constitutes a "unique" minority view.  *See* William B. Rubenstein, Newberg and

5    Rubenstein on Class Actions § 7:35 (6th ed. 2022).  This order declines to adopt this approach

6    for the reasons stated.

7        Allowing this belated motion would promote tactics that waste judicial resources and

8    unnecessarily protract litigation.  Stemmelin filed his second class-certification motion five

9    months *after* the denial of his first motion, and two months *after* the June 2022 deadline for

10    dispositive motions (*see* Dkt. Nos. 70; 136).  Even if we did not use used the reconsideration

11    standard, this delay warrants striking the motion.

12        In all events, Stemmelin has also not met the reconsideration standard.  He has not put

13    forward any new material evidence or law that would amount to a change in circumstances.

14    Nor has he shown that the Court failed to consider material facts or dispositive arguments.  That

15    the summary judgment order explicitly found that Stemmelin has standing to pursue injunction

16    relief does not constitute a change in circumstances, and hence cannot justify reconsideration

17    (See Dkt. No. 168 at 6).

18        Only after Stemmelin's first motion concerning a broader Rule 23(c) class was denied did

19    he seek to certify a class with a narrower class definition under Rule 23(b)(2).  Plaintiffs cannot

20    justify a second motion when their only justification is "that they have now narrowed their class

21    based on evidence they previously had access to and they cite no changed circumstances that

22    prevented them from seeking a narrower class initially."  *Markson v. CRST Int'l, Inc*., 2022 WL

23    1585754 at \*2 (C.D. Cal, Apr. 6, 2022) (Judge Stanley Blumenfeld, Jr.) (internal quotation

24    marks omitted).

25        Stemmelin concedes that he simply "did not foresee the need when he filed his first

26    motion for class certification to specifically seek certification of a Rule 23(b)(2) injunctive

27    relief class."  He further argues that if his first motion had been granted, he "could have sought

28    injunctive relief on behalf of the class" (Opp. 6).  Nothing, however, prevented Stemmelin from

United States District Court
Northern District of California

1   seeking certification of a narrower class under a less sweeping theory in the first place.  Seeking

2   certification of a broader class was a tactical move.  Stemmelin made an "all or nothing bet"

3   and now he seeks to escape the consequences of those tactics.  *Markson,* 2022 WL 1585754 at

4   *2.

5        Furthermore, the "new" supporting evidence referenced by Stemmelin, a webpage that

6   allegedly shows that Matterport abandoned the MSP program, is merely another iteration of

7   what Stemmelin has presented previously.  He concedes the present motion is "based upon most

8   of the same evidence" (Opp. 6).  Rule 23(c) provides "[p]laintiffs with a limited opportunity to

9   adduce additional facts:  It is not a Trojan Horse by which [they] may endlessly reargue the

10  legal premises of their motion."  *Stockinger v. Toyota Motor Sales, U.S.A., Inc.*, 2020 WL

11  7314794 at *3 (C.D. Cal, Nov. 30, 2020) (Judge Virginia A. Phillips).  Stemmelin has already

12  offered materially similar evidence to support his allegation that Matterport competes with

13  MSPs (*see* Dkt Nos. 115 at 15-20; 123-3 at 2).  This "new" evidence (which does not

14  substantively qualify as "new" at all) does not present any changed circumstances.

15       Finally, the present motion appears to constitute a test motion for *Lynch v. Matterport*

16  *Inc.*, No. C 22-03704 WHA (N.D. Cal. filed June 23, 2022), a related lawsuit originally filed in

17  the Superior Court of California and later removed.  The original *Lynch* complaint was filed in

18  state court two weeks after the March order herein denying class certification.  The now-

19  operative *Lynch* complaint has an identical class definition as that stated in the present motion,

20  largely echoes the pleadings herein, and has the same plaintiff's counsel.  *See Lynch*, No. C 22-

21  03704 WHA, Dkt. Nos. 1-1 at 14, 1-3 at 20 (N.D. Cal. June 23, 2022).  This duplication also

22  counsels against hearing another class-certification motion here.

**CONCLUSION**

23

24       For the foregoing reasons, the motion to strike is **GRANTED**, and the second class-

25  certification motion is **STRICKEN**.  **IT IS SO ORDERED.**

26  Dated:  October 3, 2022.

27

28  WILLIAM ALSUP
    UNITED STATES DISTRICT JUDGE

4