UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN STEMMELIN,

    Plaintiff,

v.

MATTERPORT, INC., et al.,

    Defendants.

No. C 20-04168 WHA

**ORDER DENYING MOTION TO MODIFY SCHEDULING ORDER AND VACATING HEARING**

In this false and deceptive advertising action, plaintiff seeks to modify the scheduling order to file a motion for partial summary judgment. This motion is appropriate for disposition on the papers. *See* Civ. L.R. 7-6.

This is not the first time a party herein has sought to modify the schedule of this litigation. As detailed in an October 2021 order, the parties largely squandered seven months of discovery opportunity, with defendant producing only *eleven* documents, and plaintiff failing to raise any issues whatsoever with the Court until a mere three weeks before the deadline for the motion for class certification. The October 2021 order gave the parties a revised schedule and left them with a warning: "This order stresses to both parties that further changes to the schedule will not be made lightly and will require a compelling justification" (Dkt. No. 70). The new deadline for the motion for class certification was December 23, 2021, and the dispositive motion deadline was shifted to June 16, 2022.

Now, months after the (extended) dispositive motion deadline, plaintiff seeks to file a motion for partial summary judgment. Per Rule 16(b)(4), a case schedule can be modified for good cause "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Plaintiff has failed to meet this standard. He primarily stresses that it was not appropriate to move for summary judgment prior to a decision on class certification. The class certification motion was denied on March 14, 2022, more than three months before the dispositive motion deadline. By design, this gave plaintiff more than enough time to prepare a summary judgment motion. Indeed, plaintiff did not even raise *this* motion until more than two months after the deadline passed. At no point during the interim did plaintiff raise the issue of needing more time. In short, plaintiff has not been diligent.

The withdrawal of plaintiff's co-counsel has no bearing on these issues. Nor does permitting summary judgment now serve judicial economy. The motion is **DENIED**. The hearing is **VACATED**.

**IT IS SO ORDERED.**

Dated: October 12, 2022.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE