United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN STEMMELIN,

      Plaintiff,

    v.

MATTERPORT, INC.,

      Defendant.

No.  C 20-04168 WHA

**ORDER GRANTING MOTION TO QUASH**

In the days preceding trial, counsel for plaintiff served a subpoena on defendant corporation directing the appearance of "Matterport, Inc. Representative/Keeper of Records for the purpose of laying foundation for admission of plaintiff's trial exhibits into evidence c/o Its Registered Agent, Matthew Zinn, 352 E. Java Dr., Sunnyvale, CA 94089" (Dkt. No. 222-1). Defendant now moves to quash this subpoena.  According to defendant, plaintiff's subpoena is improper because it "does not state which Exhibits Matterport's representative should be ready to testify about[,]" "does not name an individual who should be prepared to testify," and "subjects Matterport to an undue burden" in violation of Rule 45 of the Federal Rules of Civil Procedure (Dkt. No. 227).  The Court granted defendant's administrative motion to hear the motion to quash at the final pretrial conference.  This order follows oral argument.

Rule 45 governs the issuance of subpoenas that command an individual to attend trial and produce documents for it.  Note there is no language in Rule 45 that neatly tracks Rule 30(b)(6), which governs the issuance of subpoenas and notices for depositions of corporate

representatives during discovery, requiring "reasonable particularity" in matters for examination (as well as a meet-and-confer). Perhaps it never seemed necessary to include analogous language in Rule 45 because parties ordinarily use discovery to determine specific representatives to be subpoenaed, and specific documents to be supplied, for admitting specific exhibits into evidence by the time trial is around the corner. Not so here.

In some instances, parties do subpoena unidentified custodians of records to testify at trial. However, this is generally done to lay a foundation for a narrow class of documents to be introduced under the business records exception. *See, e.g., U.S.A. v. Suris*, 2019 WL 13176287, at *2 (C.D. Cal. Aug. 2, 2019) (Judge S. James Otero); *see also Alas v. AT&T Servs.*, 2021 WL 4893372, at *5 (C.D. Cal. Sept. 28, 2021) (Judge Virginia A. Phillips). Plaintiff, however, seeks a "Matterport, Inc. Representative/Keeper of Records" who can appear and testify for the purpose of laying a foundation for each of his (155) trial exhibits. Not only would plaintiff's subpoena require defendant to pore over thousands of pages on the eve of trial to determine which representative(s) can testify for this purpose, but it would also require the representative(s) to do plaintiff's homework of identifying a foundation (or lack thereof) for admission of plaintiff's trial exhibits. The representative(s) would be forced to consider foundations for admission of each level of hearsay for trial exhibits that contain hearsay within hearsay, for example. *See* Fed. R. Evid. 805. Moreover, the representative(s) would be forced to identify foundations for admission of trial exhibits that did not even originate with defendant. Surely none of this is anticipated by Rule 45. It appears plaintiff may be attempting to use Rule 45 to compensate for his failure to use Rule 30(b)(6) in discovery, or, more benignly, confusing the roles of these two rules. But his request would not have withstood judicial scrutiny under Rule 30(b)(6) either. It is exceptionally broad.

In any event, reasonable steps must be taken to avoid imposing undue burden or expense on the individual to whom a Rule 45 subpoena is subject. Fed. R. Civ. P. 45(d)(1). Indeed, Rule 45 *requires* a court to quash a subpoena that, *inter alia*, "fails to allow a reasonable time to comply" and "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i), (iv). "[A]n evaluation of undue burden requires the court to weigh the burden to the subpoenaed

United States District Court
Northern District of California

party against the value of the information to the serving party[.]" *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005) (Judge Rosalyn Merle Chapman). "[O]ther factors a court should consider include the relevance of the requested information and the breadth or specificity of the discovery request." *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 409–10 (C.D. Cal. 2014) (Judge Suzanne H. Segal) (citing *Moon*, 232 F.R.D. at 637).

Weighing the burden to defendant against the value of the information to plaintiff — with an eye to the broad and tardy nature of the request — the Court cannot uphold a subpoena that directs an unidentified corporate designee to appear next week and lay a foundation for 155 trial exhibits. Accordingly, defendant's motion to quash plaintiff's subpoena is **GRANTED**. This is without prejudice to a fresh subpoena directed at any named individual to appear and lay foundation.

**IT IS SO ORDERED.**

Dated: January 25, 2023.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
Northern District of California